UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM C GRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-00209-LJM-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

Before the Court is Petitioner William C. Gray's motion for relief pursuant to 28 U.S.C. § 2255. For the reasons explained below, Mr. Gray's motion for relief is **dismissed for lack of jurisdiction**.

**I. Section 2255 Motion**

Mr. Gray was convicted in No. 2:02-cr-00018-LJM-CMM-13 of conspiracy to possess with the intent to distribute methamphetamine. Mr. Gray has previously challenged this conviction via 28 U.S.C. § 2255.

On December 27, 2006, Mr. Gray filed an action for relief pursuant to 28 U.S.C. § 2255, which reached an adjudication on the merits in No. 1:06-cv-01840-LJM-WTL. The Seventh Circuit Court of Appeals affirmed this Court's denial of relief. *See Gray v. United States*, 341 Fed. Appx. 193, 194 (7th Cir. 2009).

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b).  See *Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978, 979-80 (7th Cir. 2005).  A subsequent motion is "second or successive" within the meaning of the statute when the same underlying conviction is challenged.  See *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001).

The present action represents another attempt to collaterally challenge the conviction in No. 2:02-cr-00018-LJM-CMM-13, however, it is presented without authorization to proceed from the Court of Appeals.  Accordingly, the action must be **dismissed for lack of jurisdiction** Judgment consistent with this Entry shall now issue. The petitioner's pending motions for discovery [dkt. 12] and information [dkt. 14] are **denied as moot**.

**This entry shall be docketed in the underlying criminal action, No. 2:02-cr-00018-LJM-CMM-13.**

## II. Denial of Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Gray has failed to show that reasonable jurists would find it "debatable whether [this court] was

correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

     **IT IS SO ORDERED.**

Date: <u>April 28, 2016</u>

                                                      LARRY J. McKINNEY, JUDGE
                                                    United States District Court
                                                    Southern District of Indiana

Distribution:

WILLIAM C. GRAY
21603-112
VICTORVILLE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3900
ADELANTO, CA 92301

Electronically Registered Counsel